Good morning, Your Honor. My will is for Vernon Duong, the appellant. Your Honor, this issue presents whether there is a diversity jurisdiction or federal question jurisdictions to hear the motion to vacate the arbitrator's award in this case. And we are contending that there are both. The district court ruled that even though there was diversity jurisdiction, the jurisdictional amount was inadequate. And it was based on the fact that the arbitrator's award of no liability was equated to zero dollars. And there is no authority for the propositions that the jurisdictional amount is to be determined by the award of the arbitrator. Your Honor ---- No authority or no authority that you find persuasive? No authority, Your Honor. And I think I ---- There is no case that says, well, this is a zero deal, or the arbitrator's award is X, and that's not within diversity jurisdiction, and therefore, we're not going to do it. Your Honor, the district court cited the case of Bolton v. Alacon. And Bolton v. Alacon ---- and there was another case, Goodman, the Goodman case, Your Honor, which also cited Bolton v. Alacon, which is the Eleventh Circuit case. And Bolton v. Alacon is really a typical application of the seminal case of St. Paul Mercury v. Redcap, whereby the U.S. Supreme Court says that, really, there's some ---- Why isn't this also? Excuse me, Your Honor? Why isn't this too? Why isn't this also a clear application of St. Paul, in that it has been determined to a legal certainty that the amount of the award is zero? And that's the only thing in controversy before this district court. Your Honor, it's because the court in the Bolton case has made the factual findings that because Mr. Bolton claimed that he would like to pay less than the jurisdictional amount, there was an award of the arbitrator for $32,000. And then he made a motion to vacate the arbitrator's award, and he was claiming that there was a mistake and that the award should be less than $32,000, and that the ---- so he should. He was asking the court to allow him to pay less than $32,000 and also or to allow him to pay zero dollars. Yeah, but here's my point, and that's how I want to get your response to it, because it seems to me that's the nub of this issue. In this case, you have an action that is initiated to vacate an arbitration award. Forget for the moment the reason. It's an action initiated to vacate an arbitration award. The only thing that is in controversy between the parties is whether the award should be vacated or not. And the award is for zero dollars. So why isn't that the amount that is in controversy? Regardless of what the defendant, the arbitration defendant thinks, or regardless of what the arbitration plaintiff thinks, is the optimal award, that is the award. So why isn't that the amount in controversy? For the simple reason that the arbitrator in this case really did not make any award. What he was saying is that the plaintiff was not protected by the ADA, and that was his final. Well, his award was zero. He said that he found for the defendant. And, Your Honor, this is the same thing as if the arbitrator found that there was an adequate defense to the claim of the plaintiff. Well, I understand. But either which way, and no matter why he did what he did, that may or may not be relevant on the Federal question thing. But in terms of the amount in controversy, the amount is zero, because that's what the award was, isn't it? We are still maintaining, Your Honor, that there was no award for zero dollars. And under the St. Paul Mercury principle, there is the court must have a legal certainty of the amount of the claim before the court can determine whether it was at the jurisdictional amount or below it. And, Your Honor, the thing is this case started out in the Federal district court. So anything, any actions that happen after that, whether going in front of the arbitrator, it's just like changing courts, changing from a ---- It's not quite, because the first action was dismissed. It's gone out of here, disappeared, gone poof. It doesn't exist anymore. So no matter whether the district court properly had jurisdiction in that action or not, as it did, has no effect at all on a brand-new action, which this is. So this one has to stand on its own two feet. Your Honor, I think the way to approach this matter is we cannot start with the question of the petition to vacate the arbitrator's award. It's because this is the type of case whereby the plaintiff was compelled into arbitration. So, therefore, the arbitrator's award at the arbitrator and the arbitration process is just like we're going through a trial. So, therefore, if there's any arbitration award, it would be just like a judgment on the trial. And because of that, Your Honor, if we're entitled to appeal the judgment on the trial, Your Honor, so it cannot ---- this is not the situation where you start with the award. Or if you're entitled to judicial review, if there's an independent basis for jurisdiction in the Federal court. I don't know what your rights are in California State court, and that's not before us. In terms of the Federal court, you've only got judicial review on a very limited basis. So there's got to be some other reason for jurisdiction other than appealing the arbitration award. Your Honor, there's also a Federal question jurisdiction, which is possible. Well, counsel, both of your concepts depend on looking through the arbitration award to the underlying dispute, right? Your first concept says we look at the underlying dispute, and we look at it, we see that it was much more than the jurisdictional amount, right? Right. The underlying dispute being a straight Federal question, right? Correct, Your Honor. It's a little curious to talk about diversity jurisdiction over Federal questions, but laying that aside for a moment. Your second argument about Federal question jurisdiction depends on exactly the same thing, doesn't it? You're saying, look at the underlying dispute, and you'll see it's a Federal question in the underlying dispute, ergo, there must be Federal jurisdiction, right? Yes, Your Honor. So they both – if one falls, the other seems to fall, does it not? If you're not – if we're not going to look through to the underlying dispute on diversity, then how are we going to look through it on Federal question jurisdiction? For the very simple reason of the type of Federal claim that we're talking about, which is Federal employment rights discrimination claims. And the U.S. Supreme Court has already – But this applies to all arbitration claims. Your argument is not tied to the nature of arbitration. If we rule in your favor on either or both of these questions, or against you, that would apply to all arbitration covered by the AAA, not just employment.  I'm not suggesting an answer. Yes. I guess I am suggesting – I'm telling you my understanding. If you disagree with that, by all means, set me straight. I'm – there's nothing peculiar about the issues here that are limited to employment arbitration. Yes, there is, Your Honor. I think I would like to suggest to the Court that it's the specific type of Federal claims, which is the Federal employment rights claims, has attached to it the Supreme Court's predicates that there should be some adequate safeguard that would go along with it, including that exactly the same rights that the applicant is entitled to. And that the Federal and Federal courts should be provided at the arbitration level. Where do you get that? And how does that – where do you get that employment disputes should be treated differently from, say, antitrust disputes, securities disputes, RICO disputes, and all other Federal statutory claims, as before this Court, at least, as well as a number of others? And that's what this Court, for sure, has said. There is no independent basis of Federal jurisdiction just because a Federal statute is at issue and because one might otherwise believe that the cause of action, the underlying cause of action, arises under Federal law. Your Honor, I am pointing to the court – to the court, the case of Dilmer v. Interstate Johnson, which is a Supreme Court case. And in it, the Supreme Court has stated that Federal employment rights case compelling an employee to arbitrate his Federal employment rights case creates special problems and for which there is special understanding of how the process should be approached. It's interesting because Dilmer actually cites back to Shearson, which is one of the original cases in the line of authority, which makes it clear that judicial review is limited to those basis – bases specified in the Act, and not just because there's a Federal question. Well, Dilmer also says that, you know, because of the dragging of the employee into arbitrate – into the arbitral forum, there's got to be some safeguard. And the least of the safeguard, and also the most important, would be limited judicial review. What's wrong with State court limited judicial review? There's nothing wrong with State court limited review. It's just that this case, Your Honor, we filed in Federal court, so – No, but that – but I'm – my question isn't where you filed. I know where you filed. My question is, so there should be judicial review, what arbitrators do. At some level, there should be, let's say. That doesn't tell me that we have Federal jurisdiction. There ought to be lots of things, but States actually sometimes provide them. Your Honor, I think that, you know, I was citing the Dilmer case and also a Fifth Circuit case of Williams v. Signor, financial advisors, whereby essentially the judicial prevailing view seems to be that there should be some judicial oversight just to make sure that the employment rights of the employee was not being vitiated by – Are the States required to provide this – provide the review of arbitral decisions? Excuse me, Your Honor, I – Are States required to provide review of arbitral decisions? What does it say in California? That this case – Which case – which case – I don't know which case comes from California. Besides tomorrow, our courts, our judges are too busy. Our judges in the Superior Court are too busy, and we're not going to bother reviewing arbitral awards anymore. Could they do that? Your Honor, in California, there is no review of arbitration award based on manifest disregard of the law. It's strictly a remediated – The review in California is based on State statutes. Right. They don't review under Federal law. Right. And also – There is – in California, there is no such judicial review specially based on a manifest disregard of the law. I have a question on manifest disregard of the law, and it is whether it is assuming – assuming that – what is it? Putting aside the question of whether there is Federal question jurisdiction if a manifest disregard of Federal law is alleged, have you actually alleged a viable claim that there was manifest disregard of the law? Because as I understand our standard, it requires that the arbitrator know of, but ignore, that is basically thumb his nose at, the governing law. And as I understand your pleading, the pleading is, Toyota is the governing Federal law from the United States Supreme Court, and the arbitrator misapplied it. That is, just didn't understand it right, got it wrong, misapplied it. So my question to you is, have you actually pled a viable claim for vacating the award based upon manifest disregard of Federal law? Your Honor, I think so, because the misapplication of the law by the arbitrator is really, frankly, unbelievable. Well, that's just because you may disagree with the way the arbitrator or this Court has read Toyota and UPS. But that's neither here nor there. My question is quite directed to what our standard is, and that is knowing about it, but ignoring it. Now here, you attach the arbitrator's decision, so it's part of the pleading, and we can look at it. And here, the arbitrator acknowledged Toyota and discussed it for pages, and came to a different view of it from yours. But is that ignoring it, or is it just getting it wrong? Your Honor, obviously, I believe that he ignored it. But, you know, again, it's just a matter of the law. That's how I see it. But, Your Honor, there's also, again, going back to the position of the Supreme Court's judicial review of federal employment rights claims, it seems to me that the Supreme Court's view is that the judicial review, which is required under such a case, goes beyond just looking at finding a bias or misconduct by the arbitrator. It seems to me that the requirement is for the Federal court to act as an oversight body and to look to see if, if indeed the Federal law was correctly applied. And it is very, very important, because if the Federal employment rights statutes have a remedial and deterrence purpose to them, and if there's no oversight whatsoever, then an employee like Mr. Luong, who went through the arbitration and got his rights as just totally eviscerated, has no remedy ever. And that is extremely important, that the oversight function of the Federal courts was, by the language of the Gilmer and the language of the Supreme Court, it seems to me the Supreme Court seems to be able to do that. Kennedy. Well, counsel, you've now used more than 20 of your 10 minutes. Maybe you should sort of sharpen this up and do something. I think it's about time to. Then that's all I have, Your Honor. Thank you very much. Thank you. We're here for a moment, counsel. Good morning, Your Honors. May it please the Court, my name is Rex Berry. I represent Circuit City Stores, Inc. Before this Court is a single jurisdictional question. Does a Federal district court have subject matter jurisdiction over a petition to vacate an arbitration award filed on the last possible day permitted by the Federal jurisdiction? The answer to that question unequivocally is no. No such jurisdiction exists, and this Court should affirm the order of. I think you've basically, by saying the question, sort of assumed away all the issues. I think if there is no Federal issue and there is no amount of controversy and it is the last day, although I'm not sure what the last day has to do with it, and it's not then you pretty much, you might as well sit down. Thank you. Nobody will disagree with you on that. And that's why I stated the issue that way. The fact is the last day does make a difference. Well, thank you. Should I submit the case then? Actually, let me hear your view on this. You know, you're inviting us to create a circuit split on the issue of Federal question under the Federal jurisdiction, and the Second Circuit, in its opinion, makes a forceful argument that a Federal question exists not because the underlying action arises under a Federal statute, but because the issue posed is whether the arbitrator manifestly disregarded Federal law in the decision, and that in addressing that question, the Court is necessarily involved in a substantial Federal issue. And in turn, that means that the Court has before it a Federal question. Why do you disagree with that? And why do you think that we should create a circuit split on that issue? I believe that, to a large extent, such a split already exists. The Ninth Circuit case in Garrick, on which you are referring to, is very different. I separated – I tried, at least. Maybe I wasn't very clear in my question. I'm saying that the Second Circuit's argument and the argument that I find to be forceful on the point is that even though we do not have jurisdiction because the underlying action arises under Federal law, still, when the issue presented for us to decide is whether there has been a manifest disregard of Federal law by the arbitrator, that in itself raises a substantial Federal question. Because it can only be answered by reference to Federal law and because it requires a court, a Federal court, to grapple with what we're in business to grapple with, that is, the correct application of Federal law. I think the answer to that question is based in your questioning of the appellate, and that is the issue the district court is asked to grapple with is manifest disregard, which you articulated as not simply getting it wrong, but that the arbitrator knew what the law was and intentionally disregarded it, thumbed his nose at it, ignored it. That focuses on the conduct of the arbitrator. Does it require an inquiry as to whether or not the Federal law was correctly decided? I think on some level it certainly does. But that's not enough, because even if the district court made the brief, the conclusion that the arbitrator got it wrong, that does not suffice for vacating the arbitrator's award. The triggering event has to be under Section 16 of the FAA, the manifest disregard of the Federal law. That focuses squarely on the arbitrator's conduct.  The question is, how do you make a decision without examining Federal law to see whether the arbitrator manifestly disregarded it? I think that's true, and on some level you have to look at what the Federal law was. State courts are absolutely capable of doing that. The Moses H. Cohn decision from the Supreme Court makes clear that State courts are certainly able to analyze issues under the FAA. So, but when you say on some level, I mean, you view that as a qualifier. I view it as an omission. On some level, you have to do it. So why is that exactly the level which gets you into Federal court? Because that's not the triggering event. The district court could have concluded that the arbitrator was just as it was. And for that reason, the Second Circuit is wrong. The Second Circuit says you look at the Federal question. You are willing to argue this case in the Supreme Court, is what I see you're doing. The rest of these decisions, and I think that the Garrett case stands for this proposition. When the Court said, let's look at the issue of churning under Section 10b of the Securities and Exchange Act. We see that Section 10b prohibits churning. That doesn't get you all the way to Federal jurisdiction on the issue of whether or not the arbitration award should be vacated. Just as it is here, the analysis of whether the ADA was properly applied, correct or incorrect, doesn't get you under Section 16 to an order vacating the arbitrator's decision, only if you have the next prong, which is the manifest disregard of the law. It's not enough to say they just got it wrong, which is what the appellant has argued here. Certainly, if you conclude that the arbitrator got it right, that would result in confirmation of the decision. So the fact that the case could be decided on pure application of Federal law. You look at the law. You look at what the arbitrator did. You say, you know, he got it right. Bam. End of case. So, in fact, the case is capable of being resolved by application of, say, Federal law, no? I'm not sure that we, we, Circuit City as the prevailing party, I don't know that we could have filed a petition to confirm the arbitration award in Federal court. Perhaps not. I don't know. Maybe that's an interesting case, issue for a different case. But the district court certainly could reject Leung's claim by looking at Federal law and saying, what's the beef here? The arbitrator got it exactly right. We've looked at Federal law. We looked at what the arbitrator did. He's right. Affirm. Or we refuse to vacate the award because the arbitrator got it right. I believe that is a not inconceivable resolution of the case. Nothing is inconceivable. It would be an improper resolution. I think there are some things inconceivable. Yes. I think there are some things that are inconceivable. So that's, I'm not going to accept that answer. It would be an improper resolution of this case. Why would that be improper? Because the district court made a jurisdictional decision on subject matter jurisdiction. No, no, no. Assume jurisdiction, which is a question where I'm now here to decide. Assume jurisdiction. Why would it be improper? Why would it be improper for the district court to say, I'm not going to grapple with the question of whether it was total disregard or partial disregard or halfway disregard. I'm going to cut to the chase and look at Federal law. My problem is. And decide, gee, the arbitrator got it right. My problem is that I cannot. I'm sorry. Isn't that what would be improper on that? My problem is I cannot accept your premise that the district court could properly cut to the chase. Federal courts are courts of limited jurisdiction. They only have the jurisdiction that Congress gave them. There has to be Federal question, there has to be diversity, or the United States has to be a plaintiff. And with the absence of that, the Federal court is hamstrung. I agree, it might have been. I don't think you understand the question. We are here to decide whether there is jurisdiction. So I'm skipping over that question because we then sort of look at what the Federal court can or will do to help us determine the jurisdictional question. I'm not saying we ignore jurisdiction. So I say skip over that question, okay, and let's see what the Federal court would do. And let's say the Federal court decides the case. One way it can decide the case is by a straight application of Federal law. It looks at Federal law. It looks at the arbitrator's decision and says, hey, arbitrator got it right. That is a possible and not improper resolution of the case. I would say the analysis would have to be different because this is a petition to vacate the arbitration award. It would not vacate it because the arbitrator got it right. He applied for the law correctly. And as a result, there was no manifest disregard of the law. He got the law right. Now, the district court can't stop there. The analysis has to be is there a manifest disregard of the law. The district court could conclude he got it right. And as a result, I can look at this decision and see there, in fact, was no manifest disregard of the law. The district court would have only gone halfway. It has to go all the way, again, focusing on the conduct of the arbitrator, which is the linchpin. Okay. I'll grant you that. But part of the place where the district court goes is to examine federal law. In a way, he can't really figure out whether the arbitrator disregarded federal law without actually looking at federal law. And as Judge Ramos said, this is what federal courts do. It's our main business, examining federal law. The business of the district court on a petition to vacate is twofold. It has to, well, actually, it could be done singly, but in your example, it would be twofold. The court could say, I've looked at the federal law, and I think he got it right, but I still have to go this next step. In that same context, if the district court said, I've looked at federal law, he got it wrong, but, you know, he didn't really manifestly disregard, the law says, as a federal judge, I still have to uphold this arbitration award. Part of the bargain of arbitration is that there are less procedural guidelines than might exist with a full court trial. The Supreme Court has recognized that as the tradeoff for the efficiency of arbitration. The standard is far more strict as to when an arbitration will be vacated, and it requires both criteria to be met before that decision can be made. Okay? Unless the panel has additional questions, I would submit on the briefing. In the absence of questions, thank you very much. Thank you. The case is argued. It was hand-submitted. We will go on. There are no more cases to be heard. We are now adjourned. Thank you.
judges: Kozinski, Fernandez, Rymer